Boles v. Lynde.

that they agreed upon the following method to assess them, viz. each to mark a sum on a piece of paper and put it into a hat, and that the twelve sums thus marked, being added together and divided by twelve, the quotient should be the sum of damages; and that the damages were thus found and assessed by the jury. This was denied by the plaintiff.

The court find the facts to be proved, by inquiry of the jurors; and arrest the verdict, upon the principle that in trials nothing is to be left to hazard or chance. The case of Henshaw v. Thompson, adjudged Hartford adjourned Superior Court, December A. D. 1777, is in point; which was an action of the case, and verdict for plaintiff for £30 10s. 8d. damages. This judgment was arrested, because the jury took the same method to ascertain the damages.

## BOLES v. LYNDE.

In a prosecution for an offense against a statute, which enacts a fine, and also, the forfeiture of the utensils by which the offense is committed: on conviction, the judgment ought to be for the utensils and not for the value.

ERROR to reverse a judgment of the County Court in a prosecution upon the statute, entitled an act for encouraging and regulating fisheries, by which it is enacted, that no person shall set or draw any seine for the purpose of catching fish, between the 15th of March and the 15th of June in any year, south of an east and west line from Seabrook fort, within one mile and a half east and west on each side of the mouth of Connecticut river, except, etc. on pain of forfeiting and paying a fine of £10 on conviction; and also shall forfeit the seine, ropes and other utensils used in catching fish, contrary to the act. The complaint alleged that said Boles had drawn a seine within the aforesaid limits for the purpose of catching fish, etc. whereby he had forfeited £10 for the uses mentioned in said statute; and also said seine, ropes, etc. The defendant made default of appearing and the court considered and gave judgment that he pay the sum of £20 being the £10 fine and the value of the seine, etc.

Error assigned — That judgment ought to have been for the penalty of £10; and also that said seine, etc. be forfeited, to and for the uses mentioned in the statute.

Judgment — Manifest error, for the reason above assigned. The court had nothing to do in assessing the value of the seine, etc. in this prosecution — for the statute is that he forfeit the seine, etc. and not the value of the seine, etc.

## ALSOP v. GOODWIN.

Parol evidence not admissible to prove that certain expressions in a note meant what they expressed.

ACTION upon a note, dated 4th June 1778, for £474 5s. 10d. lawful money and interest. Plea full payment. Issue to the jury.

The plaintiff offered witnesses to prove that said note was for lawful silver money.

By the court not admitted; because unnecessary, the note speaks for itself. Had the motion come from the defendant, to have shown that it was given for the common currency of the country, which was called lawful money, the case would have been otherwise.

## CHAPMAN v. GRIFFIN.

The appraisers of land taken by execution, must all be freeholders of the town in which the land lies.

ACTION of ejectment. The plaintiff's title was the levy of an execution in A. D. 1789, duly made. The defendant sets up title under a levy made upon the same lands in A. D. 1783. All the appraisers were agreed upon by the creditor and debtor, but one of them did not belong to the town where the land lay.

Judgment was for the plaintiff; upon the ground, that the statute is express, that the land shall be appraised by freeholders of the same town; and the agreement of the parties cannot alter the law.

## TOWN OF EAST HARTFORD v. MIDDLETOWN.

An idiot who lives with and is supported by the mother, is settled with the mother.

ERROR to reverse a judgment of the County Court, in an action on book, brought by Middletown to recover pay for supporting one Mellisant Dowd, a pauper.